PER CURIAM.
On December 21, 1970, the referee in this cause filed with The Florida Bar his finding of guilt against respondent and his recommendation that respondent be suspended from the practice of law in Florida for three (3) years. On December 22, 1970, pursuant to Article XI, Rule 11.06(9) (bl of the Integration Rule, as revised July 1, 1969, the Executive Director of the Bar filed the referee’s report with this Court.
The 60 day period provided for under Article XI, Rule 11.09(3) (a) of the Integration Rule, during which any party may seek review in this Court of a referee’s report has now lapsed, and neither party has filed a petition for review. However, pursuant to our inherent power of supervision and review over disciplinary proceedings under the Integration Rule, we have considered the record and referee’s report on the merits.
In pertinent part, the report of the referee reads as follows:
“Counsel for The Florida Bar presented the case for the Bar, calling as its only witness, H. C. Starkweather, a practicing attorney in Dade County, Florida and Mr. Starkweather’s testimony substantiated the allegations as contained in the complaint. Testimony further brought out the fact that because of the respondent’s actions, Mr. Starkweather had to represent the beneficiaries and the closing of the estate was delayed for a period of two years, due to the respondent’s actions, and therefore created additional problems which could have been averted if the respondent had acted properly in his respective capacities.
“The respondent, at the initial hearing before the Grievance Committee, admitted to the allegations contained in the complaint, was not represented by counsel, and after admitting that he felt that he had acted improperly, both in his capacity as executor and as attorney, stated that he had reimbursed the estate for all monies that he had withdrawn and that at that time the estate had been paid all sums of money alleged to have been misused by him. This was substantiated by the testimony presented before the Grievance Committee and by the counsel for The Bar at the proceedings before your Referee, and by the testimony of Mr. Starkweather. It would appear from the complaint, the testimony before the Grievance Committee, the evidence and documents presented before the Referee and by the respondent’s own testimony, that the respondent is guilty as charged in the complaint filed in behalf of The Florida Bar, and specifically in violation of Rule 11.02 of Article XI of the Inte *746 gration Rule, Canon 11 of the Canons of Professional Ethics and Rules 1, 27 and 28 of Additional Rules Governing the Conduct of Attorneys in Florida.
“I have considered the record, exhibits, testimony of the witness, Mr. Stark-weather, presentation of the case by counsel for The Florida Bar, and by the respondent’s statement at the conclusion of the presentation on behalf of the Bar, and make the following findings:
“1. That the respondent, between the dates of April 1, 1965 and May 31, 1967, improperly handled assets of the Estate of Helen L. Erben, deceased, both in the capacity as attorney and as executor of said estate.
“2. That during the period of time that he was executor and attorney for the estate, that he failed to administer the estate in accordance with the duties imposed upon him as an officer of the court.
“3. That respondent failed to account to the parties whom he represented, ignored their request for information, ignored the request of their attorney, and in general, failed to act properly in all respects as an attorney and executor.
“4. The evidence substantiates that the respondent did reimburse the estate for the sums of money which he had withdrawn and misappropriated for his own personal use for the period of time as hereinbefore set forth.
“It is recommended, therefore, that the respondent be found guilty of the charges made in the complaint, and that he be suspended from the practice of law for a period of three years, and said suspension shall continue thereafter until he can demonstrate that he has been rehabilitated and should be readmitted to the practice of law.”
We are in full accord with the referee’s finding of guilt. Respondent admits his misconduct. However, we believe that the prescribed penalty of a three (3) year suspension is too severe. Respondent made full restitution of the misappropriated funds prior to the initial hearing on this matter before the Grievance Committee. The incident is an isolated one, and the probability of respondent’s rehabilitation appears to be high. Accordingly, it is our opinion that a one (1) year suspension is sufficient discipline to comport with fairness to the public, the profession and the respondent.
It is therefore ordered that respondent, Robert W. Theed, is hereby suspended from the practice of law in Florida for a period of one (1) year from the date of the filing of this Order and thereafter until he shall have demonstrated his rehabilitation. Execution is hereby directed to issue for costs against respondent in the amount of $160.25.
It is so ordered.
ROBERTS, C. J., ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.